1  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
3  One Market Plaza
   San Francisco, CA  94105
4  Telephone:    415.442.4810
   Facsimile:    415.442.4870
5
   Attorneys for Defendants
6  COMPASS AIRLINES, LLC and
   TRANS STATES HOLDINGS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | NICK MILETAK,                          | Case No.
12 |              Plaintiff,                 |
13 |       v.                               | **DEFENDANTS COMPASS AIRLINES, LLC AND TRANS STATES HOLDINGS, INC.'S NOTICE OF REMOVAL OF CIVIL**
14 | COMPASS AIRLINES, LLC, AND TRANS        | **ACTION UNDER 28 U.S.C. SECTIONS 1331, 1332, 1367, AND 1441**
15 | STATES HOLDINGS, INC.                   |
16 |              Defendants.                | **[FEDERAL QUESTION & DIVERSITY JURISDICTION]**
17 |                                         | Complaint Filed:   August 1, 2017
18 |                                         | Trial Date:        None Set

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, PRO SE:**

**PLEASE TAKE NOTICE** that Defendants Compass Airlines, LLC ("Compass") and Trans States Holdings, Inc.[1] ("TSH") (collectively, "Defendants"), through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 on the grounds that (a) there is complete diversity of citizenship between Plaintiff Nick Miletak ("Plaintiff"), a citizen of the State of California, and Compass and TSH, which are not citizens of the State of California; (b) the amount in controversy exceeds $75,000.00; and (c) the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

## THE STATE COURT ACTION

1.      On or about August 1, 2017, Plaintiff filed an unverified Complaint for Damages (the "Complaint") against Defendants entitled *Nick Miletak v. Compass Airlines, LLC, and Trans States Holdings, Inc.,* in Santa Clara County Superior Court, Case Number 17CV313798 (the "State Court Action").  The Complaint in the State Court Action asserts the following causes of action: (1) Wrongful Termination of Employment in Violation of Public Policy; (2) Violation of Public Policy California Civil Code § 1786.16; (3) Violation of Public Policy California Civil Code § 1786.40; (4) Violation of Public Policy California Civil Code § 1786.53; (5) 15 U.S.C. § 1681m(a); and (6) Negligent Infliction of Emotional Distress.

2.      On or about August 2, 2017, Compass was served with a copy of the Summons and Complaint in this action.  On or about August 25, 2017, TSH was served with a copy of the Summons and Complaint in this action.  True and correct copies of the Summons and Complaint, as well as of all process, pleadings, and orders served upon Defendants in the State Court Action, are attached as **Exhibit A** to this Notice of Removal.  (*Id.*, ¶¶ 4–5.)

## REMOVAL IS TIMELY

3.      A defendant in a civil action has 30 days from the date it is validly served with a

---

[1] In joining this removal, TSH does not waive any right to object to lack of personal jurisdiction.

1 summons and complaint to remove the action to federal court.  *See* 28 U.S.C. § 1446(b)(1) ("The

2 notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by

3 the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

4 claim for relief upon which such action or proceeding is based, or within 30 days after the

5 service of summons upon the defendant if such initial pleading has then been filed in court and is

6 not required to be served on the defendant, whichever period is shorter.").

7        4.    As set forth in Paragraphs 1 through 2, above, service of the Summons and

8 Complaint on Compass was effective on August 2, 2017.  Because Defendants have filed this

9 removal within 30 days of service of the Summons and Complaint on Compass, removal is

10 timely.

11 **REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION**

12        5.    This action is removable pursuant to 28 U.S.C. §1441 which permits any civil

13 action brought in any state court in which the district courts of the United States have original

14 jurisdiction to be removed to the district court of the United States for the district and division

15 embracing the place where the state court action is pending.

16        6.    The Court has original jurisdiction over the state court action under 28 U.S.C.

17 § 1331 because Plaintiff's Fifth Cause of Action arises under federal law.  Specifically, Plaintiff

18 alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681m(a), *et seq*.  (Complaint,

19 ¶¶ 59-64.)

20        7.    Pursuant to 28 U.S.C. § 1367, this Court would have supplemental jurisdiction

21 over any state law claims which Plaintiff alleged or may allege against Defendants.  Any state

22 law claims would be derived from the same common nucleus of operative facts as Plaintiff's

23 claims under federal law.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725

24 (1966).  Accordingly, this Court would have supplemental jurisdiction over any state law claims

25 pursuant to 28 U.S.C. § 1441(c).

26 **REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP**

27        8.    The State Court Action is a civil action over which this Court has original

28 jurisdiction under the provisions of United States Code, Title 28, Section 1332, and is one that

1  may be removed to this Court pursuant to United States Code, Title 28, Section 1441. This is a

2  civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interests

3  and costs, and is between citizens of different states.

4        9.    Defendants are informed and believe, and Plaintiff alleges in his Complaint, that

5  Plaintiff is a citizen of the State of California and domiciled in California.  (Complaint, ¶ 13.)

6        10.    Compass was at the time of filing of this action, and still is, a limited liability

7  company organized under the laws of Delaware.  (Complaint, ¶ 14.)  Further, Compass' principal

8  place of business is and has been in Minneapolis, Minnesota, as that is the location of its

9  headquarters from which its officers direct, coordinate, and control its business operations.

10  (Complaint, ¶ 14.)

11        11.    The Ninth Circuit treats limited liability companies like partnerships for purposes

12  of diversity jurisdiction.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899

13  (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like

14  partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are

15  citizens." *Id.*; *see also Handelsman v. Bedford Village Assocs., Ltd. Partnership*, 213 F.3d 48,

16  51-52 (2d Cir. 2000) (recognizing that a limited liability company has the citizenship of its

17  members).

18        12.    TSH, which is also Compass' sole member, is a corporation formed under the

19  laws of the State of Delaware with its principal place of business in Bridgeton, Missouri.

20  (Complaint, ¶ 15.)  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a

21  citizen of any State by which it has been incorporated and of the State where it has its principal

22  place of business."

23        13.    Accordingly, for purposes of determining diversity, Defendants are citizens of

24  Delaware, Minnesota, and Missouri, and are not citizens of California.

25        14.    Therefore, complete diversity among the parties exists now, and did so the time of

26  the filing of this action.

27        15.    From the allegations of the Complaint,[2] it is evident that, at present, and at the

28

---

[2] Defendants discuss below the allegations in Plaintiff's Complaint that are the subject of this

1  time of filing, the amount in controversy exceeded and still exceeds $75,000, this Court's

2  jurisdictional minimum.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400-04 (9th

3  Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  In determining

4  whether the jurisdictional minimum is met, the Court considers all recoverable damages,

5  including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.

6  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt

7  G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l

8  Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  Where, as here, the complaint does not specify a

9  particular amount of damages, the removing defendant need only establish by a preponderance of

10  evidence that the amount in controversy exceeds $75,000.  *See Sanchez*, 102 F.3d at 403-04.

11  The removing defendant meets this burden if it establishes that it is "more likely than not" that

12  the amount in controversy exceeds $75,000.  *Id.*

13        16.    In the Complaint, Plaintiff seeks, among other things, actual damages, statutory

14  damages, costs of suit and attorneys' fees, punitive damages, and all other relief that the Court

15  deems just and proper.  (Complaint, ¶¶ 42, 48, 52, 58, 64, 75.)  Based on the allegations in the

16  Complaint, Defendants estimate that the amount of alleged compensatory damages sought by

17  Plaintiff in this action (including for lost wages, punitive damages, and attorneys' fees) is well in

18  excess of $75,000.00.  Specifically, Defendants calculate the amount in controversy as follows:

19        17.    <u>Lost Wages and Statutory Damages</u>.  Plaintiff alleges lost wages in the amount of

20  $2,800 per month for his wrongful termination and negligent infliction of emotional distress

21  claims.  (Complaint, ¶¶ 41, 75.)  The median time for a case to proceed to trial in the United

22  States District Court for the Northern District of California is currently approximately 26.1

23  months.[3]  As such, by the time of trial, Plaintiff's claim for past lost wages alone therefore equals

24  at least $72,800.  In addition to lost wages, Plaintiff alleges statutory damages of up to $1,000 for

25  his Fifth Cause of Action, and unidentified statutory damages in Counts II-IV.  (Complaint, ¶

---

27  matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.  In
doing so, Defendants do not admit that Plaintiff is entitled to these damages or that Plaintiff will

28  be able to recover on any of his theories.
[3] See http://www.uscourts.gov/report-name/federal-court-management-statistics (last visited August 25, 2017).

1   64.)

2       18.   <u>Emotional Distress and Punitive Damages.</u>  Plaintiff alleges that he has suffered

3   emotional distress (Complaint, ¶ 73), and hence the damages for this distress, although not

4   specified in the Complaint, are also properly considered in calculating the amount in

5   controversy.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002)

6   ("[E]motional distress damages may be considered when calculating the amount in controversy

7   even where not clearly pled in the complaint.").  Similarly, Plaintiff has requested (Complaint, ¶¶

8   42, 48, 52, 58, 64, 75), and could obtain an award of, punitive damages, which are therefore also

9   included in calculating the amount placed in controversy.  *See Gibson v. Chrysler Corp.*, 261

10   F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the

11   amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240

12   (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in

13   controversy in meeting the prerequisite for diversity jurisdiction).  Reference to prior

14   employment cases – even if the cases are not perfectly analogous – is appropriate in determining

15   the value of claims for emotional distress and punitive damages.  *See Simmons*, 209 F. Supp. 2d

16   at 1033-34 ("To establish probable punitive damages, defendant may introduce evidence of jury

17   verdicts in cases involving analogous facts.").  In employment cases, emotional distress and

18   punitive damage awards alone are often in excess of the jurisdictional minimum.  *See*

19   *Chopourian v. Catholic Healthcare W.*, No. 09CV02972 (KJM), 2012 WL 767196 (E.D. Cal.

20   Feb. 29, 2012) (jury awarded $5,000,000 for non-economic damages for retaliation and

21   $8,000,000 for non-economic damages for wrongful termination, plus $6,250,000 for punitive

22   damages for retaliation and $31,250,000 for punitive damages for wrongful termination); *Landis*

23   *v. Pinkertons, Inc.*, 122 Cal. App. 4th 985, 988 (2004) ($275,000 emotional distress damages

24   awarded in wrongful termination case); *Ward v. Cadbury Schweppes Bottling Group*, No.

25   2:09cv03279, 2011 WL 7447633 (C.D. Cal. Dec. 7, 2011) (awarding each of six plaintiffs,

26   alleging discrimination and wrongful termination claims, punitive damages ranging between

27   $1,214,000 and $2,043,000 where the plaintiffs' awards for past lost wages ranged between

28   $44,000 and $144,000); *Rodriguez v. Valley Vista Servs., Inc.*, No. BC473793, 2013 WL

2102714 (Cal. Superior Ct. Feb. 15, 2013) (awarding disability discrimination and wrongful termination plaintiff $7,570,261 from one defendant and $9,000,000 from another defendant where her past economic loss award was only $66,023).

19.     Given that Plaintiff seeks all of the above items of damages, in addition to numerous others, it is apparent that, if Plaintiff is successful on all claims he has asserted, he will recover well in excess of the jurisdictional minimum of $75,000 just for lost wages and benefits, statutory damages, emotional distress, and punitive damages.  Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction.  *See Sanchez*, 102 F.3d at 403-04.

### SATISFACTION OF THE REQUIREMENTS OF 28 U.S.C. § 1446

20.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Santa Clara, is located within the Northern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

21.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice of Removal.

22.     In accordance with 28 U.S.C. §1446(b), Defendants' Notice of Removal was filed within 30 days after the initial service of the Complaint on Compass was completed on August 2, 2017.

23.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in Santa Clara County and with the Clerk of the Northern District of California.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

24.     In the event that this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the Court on the basis for this removal.

1

## INTRADISTRICT ASSIGNMENT

2        25.     Pursuant to Local Rule 3-2(e), Removal and Intradistrict Assignment to the San

3   Jose division of this Court is proper because the alleged acts and occurrences arose in the County

4   of Santa Clara.

5        WHEREFORE, Defendants Compass Airlines, LLC and Trans States Holdings, Inc.,

6   remove the above action to this Court.

7   DATED:  August 30, 2017                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.
8

9

10                                      By:   _/s/ Gregory C. Cheng_____
                                              Gregory C. Cheng
11

12                                      Attorneys for Defendants COMPASS AIRLINES,
                                        LLC and TRANS STATES HOLDINGS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL