EXHIBIT A   -   PART 1

 CT Corporation

**Service of Process Transmittal**
08/02/2017
CT Log Number 531687683

TO: David J.A Hayes, III Esq., Vice President & General Counsel
Trans States Holdings, Inc.
11495 Navaid Rd., Ste. 340
Bridgeton, MO 63044

RE: **Process Served in California**

FOR: Compass Airlines, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NICK MILETAK, Pltf. vs. COMPASS AIRLINES, LLC and TRANS STATES HOLDINGS, INC., etc., Dfts. // To: Compass Airlines, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA
Case # 17CV313798 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - June 22, 2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/02/2017 at 14:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Nick Miletak
14745 Conway Avenue
San Jose, CA 95124
408-369-9696 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0137853743

Image SOP

Email Notification, Leslie Cavender  lcavender@transstates.net

Email Notification, Jennifer Sappington  jennifer.sappington@tshstl.com

Email Notification, Erin Garoutte  erin.garoutte@tshstl.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

**EXHIBIT A**

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED F!  E[]

2017 AUG -1  AM 10: 30

G. REYES    CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNT. ... CLARA
BY_____ DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Compass Airlines, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nick Miletak

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court Downtown Branch<br><br>191 North First Street, San Jose, California 95113` | CASE NUMBER:<br>*(Número del Caso):*<br>17CV313793 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nick Miletak - In Pro Per 14745 Conway Avenue, San Jose, California 95124 (408) 369-9696

DATE: August 1, 2017     AUG - 1 2017     Clerk, by _____ G. REYES _____ , Deputy
*(Fecha)*                               *(Secretaria)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Compass Airlines Inc

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 8-2-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 North First St., San José, CA 95113

CASE NUMBER: 17CV313796

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms: www.scscourt.org

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: _____ Maureen Folan _____ Department: _____ 8 _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: __11/21/17__ Time: __3:00pm__ in Department: _____ 8 _____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

**What is ADR?**
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

**What are the advantages of choosing ADR instead of litigation?**
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

**What are the main forms of ADR offered by the Court?**
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2784
408-882-2530

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nick Miletak - In Pro Per<br>14745 Conway Avenue<br>San Jose, California 95124<br><br>TELEPHONE NO: 408-369-9696   FAX NO.:<br>ATTORNEY FOR *(Name):* | ENDORSED FILED<br><br>2017 AUG -1  AM 10: 33<br><br>CLERK OF THE COURT<br>SUPERIOR COURT CA<br>COUNTY OF SANTA CLARA<br>BY_____ DEPUTY<br>G. REYES |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Nick Miletak vs. Compass Airlines, LLC & Trans States Holdings, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 17CV313798 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  Six
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 1, 2017

Nick Miletak
(TYPE OR PRINT NAME)

▶ *Nick Miletak*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

NICK MILETAK-IN PRO PER
14745 Conway Avenue
San Jose, California 95124
408-533-5689

ENDORSED FILED

2017 AUG -1  A: 10: 38

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA G. REYES
FOR THE COUNTY OF SANTA CLARA

|  |  |
|---|---|
| NICK MILETAK,<br><br>          Plaintiff,<br><br>     vs.<br><br>COMPASS AIRLINES, LLC, .a limited<br>liability company formed in Delaware;<br>TRANS STATES HOLDINGS, INC., a<br>Delaware corporation<br><br>          Defendant. | Case No.:   17CV313798<br><br>~~FIRST AMENDED~~ COMPLAINT<br>FOR DAMAGES<br>1. WRONGFUL TERMINATION OF<br>EMPLOYMENT IN VIOLATION OF PUBLIC<br>POLICY<br>2. VIOLATION OF PUBLIC POLICY<br>CALIFORNIA CIVIL CODE § 1786.16<br>3. VIOLATION OF PUBLIC POLICY<br>CALIFORNIA CIVIL CODE § 1786.40<br>4. VIOLATION OF PUBLIC POLICY<br>CALIFORNIA CIVIL CODE § 1786.53<br>5. 15 U.S.C. § 1681m(a)<br>6. NEGLIGENT INFLICTION OF EMOTIONAL<br>DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Nick Miletak submits this complaint for damages and respectfully alleges as follows:

## GENERAL ALLEGATIONS

1.    This is a consumer complaint against Defendants Compass Airlines, Inc. (hereinafter "DEFENDANT"), one of several airlines servicing the San Jose Bay Area and its parent company Trans States Holdings, Inc. (hereinafter "TSH") and collectively (hereinafter "DEFENDANTS").

2.    Plaintiff, Nick Miletak, alleges that the Defendant rescinded an offer of employment on June 22, 2017. The Plaintiff alleges and believes that the rescission of the offer of employment occurred after the Defendant obtained an investigative consumer report

1

COMPLAINT FOR DAMAGES

(hereinafter "ICR") as defined in section §1786.2 of the California Civil Code (hereinafter "ICRAA") also defined in section §1786.2 with the Plaintiff as the subject of the report.

3.      The Plaintiff alleges that the ICR was obtained through an investigative consumer reporting agency (hereinafter "ICRA") and through direct inquiries subjecting the Defendants to requirements of section §1786.53 of the ICRAA.

4.      The Plaintiff alleges and believes that the investigative consumer report used to make the adverse employment decision was obtained prior to the employer obtaining a consent disclosure signed by the Plaintiff as is required under section §1786.16 of the ICRAA.

5.      In the event an employer initiates adverse action, such as rescission of employment or termination of employment, based on an investigative consumer report the employer is required to provide a pre-adverse action notification per the Fair Credit and Report Act (hereinafter "FCRA") and an adverse action notification under the ICRAA.  Plaintiff alleges that the Defendant failed to follow the requirements of either the FCRA or ICRAA with respect to the rescission or termination of employment that occurred.

6.      The Plaintiff in this action has no criminal record which is lawfully reportable or that can be used as a basis for the adverse action that the Defendant has taken in the form of rescission of the offer of employment and wrongful termination of employment.

7.      This complaint charges that the Defendant willfully ignored and failed to use reasonable procedures to ensure that the public record information obtained was utilized in a manner consistent with public policy.  Had such procedures, such as inspecting the full and actual public records, been used, it would have been clear that the Plaintiff was an acceptable candidate for employment and the Plaintiff would be employed with the Defendant.

8.      This complaint charges Defendant with systematically failing to provide legally required notices that can help individuals like the Plaintiff ensure accuracy of their reports and otherwise protect their rights. In particular, Defendant failed to provide the Plaintiff with a pre-adverse action notification required by title 15 U.S.C. § 1681m(a) of the FCRA, and the required adverse action notification § 1786.40 pursuant to the ICRAA and lastly the contemporaneous

2
COMPLAINT FOR DAMAGES

notice pursuant to § 1786.53(2) of the ICRAA in writing that it is using adverse information about the Plaintiff as a basis for making and adverse decision.  The failure of the Defendants to follow all of the notice requirements have resulted in loss of employment by the Plaintiff.  Additionally section § 1786.53(2) of the ICRAA requires that the Defendant provide a copy of the completed report within the prescribed time limit of seven (7) days which the Defendants have failed to provide.

9.      This complaint charges Defendants with systematically failing to provide required notices that can help individuals like the Plaintiff ensure accuracy of their reports and otherwise protect their rights.  Defendant failed to provide the Plaintiff with a required pre-adverse action notification and adverse action notification pursuant to section 15 U.S.C. § 1681m(a) of the FCRA, and adverse action notification pursuant to section § 1786.40 of the ICRAA.

10.     Defendant's unlawful business practice harmed the Plaintiff and continues to harm the Plaintiff.

11.     The California ICRAA section §1786 of the California Civil Code was molded after the FCRA in many respects. The ICRAA was enacted by the California Legislature with the following declaration:

The Legislature finds and declares as follows:
(a) Investigative consumer reporting agencies have assumed a vital role in collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information on consumers for employment and insurance purposes, and for purposes relating to the hiring of dwelling units, subpoenas and court orders, licensure, and other lawful purposes.
(b) There is a need to insure that investigative consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.
(c) The crime of identity theft in this new computer era has exploded to become the fastest growing white collar crime in America.
(d) The unique nature of this crime means it can often go undetected for years without the victim being aware his identity has been misused.
(e) Because notice of identity theft is critical before the victim can take steps to stop and prosecute this crime, consumers are best protected if they are automatically given copies of any investigative consumer reports made on them.
(f) It is the purpose of this title to require that investigative consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for employment, insurance information, and information relating to the hiring of dwelling units in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of the information in accordance with the requirements of this title.
(g) The Legislature hereby intends to regulate investigative consumer reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

3

COMPLAINT FOR DAMAGES

(h) The California legislature included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on both ICRA's and users of investigative consumer reports.   Defendant has thwarted the legislative purpose of the ICRAA by engaging in unlawful practices that appear to place its business interests above the rights of the consumer.

12.    Defendant knew or should have known that it was illegal to obtain ANY background report without first obtaining a proper consent disclosure signed by the Plaintiff and to deny Plaintiff's employment prior to providing required pre-adverse action disclosure and the subsequent adverse action notification.

## PARTIES

13.    Plaintiff, Nick Miletak is an adult residing in San Jose, California County of Santa Clara.

14.    Defendant Compass Airlines, LLC, is a limited liability company formed in the State of Delaware on June 8, 2000 under file number 3232659 and in California under file number 201319010308 and has a principal place of business located at 7500 Airline Drive, Suite 130, Minneapolis, Minnesota, 55450 and wholly owned subsidiary of Trans States Holdings, Inc. According to its website Compass Airlines is headquartered in Minneapolis and is a leading regional airline operating on behalf of American Airlines (as American Eagle) and Delta Air Lines (as Delta Connection) and serves over 6.5 million customers annually.   Additionally Defendant states that they average over 240 departures per day to over 40 destinations.   The information can be found at http://www.compassairline.com/aboutus/Pages/default.aspx

15.    TSH is a corporation formed in the State of Delaware on April 19, 1998 under file number 2884601 and has a principle place of business located at 11495 Navaid Road, Suite 340, Bridgeton, Missouri, 63044.

## JURISDICTION AND VENUE

16.    This Court has personal jurisdiction over the Defendants because they are residents of and/or doing business in the State of California.

17.    Venue is proper in this county in accordance with Section 395(a) of the California

4

COMPLAINT FOR DAMAGES

1  code of Civil Procedure because the Defendant resides in this county, and the injuries alleged

2  herein occurred in this county.

3          18.     This Court has concurrent jurisdiction over claim number ~~six~~ Five in this complaint for

4  damages

5

6                              STATEMENT OF FACTS

7

8          19.     Defendant is a leading regional airline operating in California and providing

9  services to passengers flying with American Airlines & Delta Airlines. Such companies utilizing

10  investigative consumer reports in connection with employment screening are subject to rules

11  established in both the FCRA and ICRAA.

12          20.     To carry out its business activities and employment screening objectives, the

13  Defendant enters into contracts with various vendors or investigative consumer reporting agencies

14  (hereinafter "ICRA") to conduct background screening. Additionally, the Defendant also engages

15  in conducting background investigations independently with no assistance from ICRA's on an as

16  needed basis.

17          21.     The typical information gathered, and assembled by the Defendants on

18  employment candidates such as the Plaintiff includes a local criminal background check, national

19  criminal database data, state and local criminal records, and residential/address history associated

20  with social security number and date of birth, information relating to general character, general

21  reputation, personal characteristics, and mode of living.

22          22.     A criminal record can be the most significant component of a background check

23  and can often negatively impact a consumer's application for employment or a consumer's

24  employment. As a result, the ICRAA contains specific provisions that impose duties of special

25  care that both providers and users of such information must obey. Strict compliance is a

26  requirement of the ICRAA as was intended in the drafting of the legislation and clearly governs

27  the procedures that both ICRA's and users of investigative consumer reports must take when

28  reporting or using public records in connection with employment.

23.     The ICRAA requires that, in connection with the reporting of a public record, unless the public records reported are completed and up to date, it must provide the consumer with a specific notification "at the time" it provides the record to an employer.   This duty is in addition to the usual duty to follow reasonable procedures to assure "maximum possible accuracy" standard.

24.     The FCRA similar to the ICRAA and the model on which the ICRAA was based requires certain notices to the consumer prior to taking any adverse action regarding employment.

**The Facts Pertaining to Plaintiff Nick Miletak**

25.     Around the end of May of 2017 the Plaintiff applied for employment with Compass Airlines for the position of Stores Clerk located in San Jose through Indeed.com.

26.     On May 30, 2017 in response to the Plaintiff's application for employment the Plaintiff received an email from Amanda Hotaling with an invitation to attend the open interview session with the Defendant starting at 9:00a.m., on June 6, 2017 located at The Crown Plaza, 777 Bellew Drive, Milpitas, California, 95035.

27.     On June 6, 2017 the Plaintiff attended the open interview session with the Defendant located at The Crown Plaza, 777 Bellew Drive, Milpitas, California 95035 and was interviewed by the hiring managers and offered employment as a Stores Clerk.

28.     The Plaintiff accepted the offer of employment as provided by the hiring manager on June 6, 2017.  Pursuant to the offer of employment the Plaintiff was provided one green file folder and one red file folder and was told not to fill out the paperwork until the day of orientation.

29.     The red folder contains a letter attached to the front of the folder informing employees to "*do not* complete any of the enclosed forms in advance" of the orientation day of employment.   The red folder also contains a job offer and background consent disclosure (unsigned) incorporated into one document.  The Plaintiff has not completed the orientation day and the background consent disclosure COULD not have been obtained since it remains unsigned

6

COMPLAINT FOR DAMAGES

1   in the red folder as required by the Defendants.

2        30.   Pursuant to the policy of Compass Airlines, LLC, the Plaintiff filled out a written

3   application on June 6, 2017 the same day as the offer of employment was extended to the

4   Plaintiff. In filling out the application the Plaintiff lawfully answered the questions whether he

5   had ever been convicted of a crime in the negative.

6        31.   On or about June 6, 2017 and after the offer of employment was provided to the

7   Plaintiff the Defendant required the Plaintiff to complete a drug test by submitting a urine sample

8   to Quest Diagnostic, a vendor for the Defendant, in connection with the employment screening

9   process.

10        32.   The Plaintiff provided a urine specimen to Quest Diagnostics on June 6, 2017 as

11   requested by the Defendant and was provided a specimen ID of QD04729542 by the collection

12   site of Quest Diagnostics.

13        33.   On  June  21,  2017  the  Plaintiff  sent  an  email

14   TechOpsRecruting@compassairline.com inquiring about the next steps or start date of

15   employment.

16        34.   On June 21, 2017 and in response to the Plaintiff's email Amanda Hotaling

17   telephoned the Plaintiff informing him that he had passed the background checks and that the

18   available start dates for employment was either June 29, 2017 or July 10, 2017. The Plaintiff

19   informed Amanda Hotaling that he would telephone the Defendant later in the day or the next day

20   to confirm which start date he would be available for.

21        35.   On  June  22,  2017  the  Plaintiff  received  an  email  from

22   TechOpsRecruiting@compassairline.com stating the Defendants were withdrawing the offer of

23   employment without any explanation of the reason for withdrawal or rescission.

24        36.   As a result of Defendants non-compliance with the FCRA & ICRAA an unlawful

25   rescission of the offer of employment and wrongful termination of employment has occurred.

26   The Plaintiff has suffered severe financial harm and damage to his reputation, embarrassment,

27   humiliation and emotional and mental distress resulting from the actions of these Defendants

28

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY)**

37.     Paragraphs 1-36 are incorporated herein by reference as though fully set forth.

38.     To prevail on a claim for wrongful termination in violation of public policy, a plaintiff must show that (1) an employer-employee relationship existed; (2) the plaintiff's employment was terminated; (3) the termination violated public policy; and (4) the termination caused the plaintiff damages. (*Haney v. Aramark Uniform Services, Inc.* (2004) 121 Cal.App.4th 623, 641; *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1426, fn. 8.) In addition, the public policy allegedly violated must be substantial and fundamental, articulated at the time of termination, and embodied in either a constitutional or statutory provision. (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 889-890; *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1090-1091.

39.     Plaintiff alleges that he was offered employment with the Defendant and that employment was to lawfully start on or about late June of 2017.

40.     Employer-employee relationship ended on June 22, 2017 with an email from the Defendant to the Plaintiff indicating that the offer of employment was being rescinded without offering a legally permissible explanation for rescission.  The email was followed up with an overnight delivery of the letter withdrawing the offer of employment.

41.     The Plaintiff was injured as a result of the Defendant's actions and continues to accrue financial damages in the amount of Tw Thousand and Eight Hundred ($2,800) dollars monthly since June 22, 2017 as a result of unemployment. .

42.     Defendant's violations entitle Plaintiff to damages pursuant to California Civil Code §3294(a) & 3294(b).

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant, for the following requested relief:

A. Actual damages;

8

COMPLAINT FOR DAMAGES

B.  Statutory damages;

C.  Punitive damages;

D.  Costs and reasonable attorneys' fees pursuant; and

F.  Such other and further relief as may be necessary, just and proper.

### SECOND CAUSE OF ACTION
### (VIOLATION OF PUBLIC POLICY CA CIVIL CODE § 1786.16)

43.    Paragraphs 1-36 are incorporated herein by reference as though fully set forth.

44.    At all times pertinent hereto the Defendants procured a background report/reports on the Plaintiff in connection with his employment.

45.    The background report/reports that were obtained by the Defendants were procured without first obtaining a signed background consent disclosure by the Plaintiff allowing the Defendants to procure or conduct a legal background search.

46.    The combined job offer letter / background consent disclosure provided by the Defendants is deficient for several reasons.  The background consent disclosure is required to be a stand-alone document.   The second deficiency that occurs with the Defendants background consent disclosure is that the background consent disclosure MUST contain a checkbox option for the employment candidate to request a copy of the background report if it should be procured. The Defendants combined job offer letter / background consent disclosure fails to meet the strict requirements of the ICRAA. .

47.    If the background consent disclosure would have been compliant the Plaintiff would have requested a copy of the background report.  Under § 1786.16 of the ICRAA when the subject of the background report requests a copy to be provided the procuring employer is required to mail a copy within three business days of completion of the report.  The Defendants have also failed to provide the completed report within the prescribed three business days completion.

48.    The violations by the Defendants were willful, rendering Defendants liable for statutory and punitive damages in an amount to be determined by the Court pursuant to §

9

COMPLAINT FOR DAMAGES

1786.50. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorneys' fees pursuant to § 1786.50;  and

E. Such other and further relief as may be necessary, just and proper.

## THIRD CAUSE OF ACTION
### (VIOLATION OF PUBLIC POLICY CA CIVIL CODE § 1786.40)

49.     Paragraphs 1-36 are incorporated herein by reference as though fully set forth.

50.     Defendant willfully and/or recklessly violated California Civil Code § 1786.40 by failing to provide an adverse action notification.  An adverse action notification is required to be provided when a consumer is denied employment based on information obtained in an investigative consumer report and provided by an ICRA.

51.     It was confirmed by Amanda Hotaling on June 21, 2017 that a background report had been completed.  It is also clear that the Defendants made an adverse employment decision but have failed to provide an adverse action notification. .

52.     The violations by the Defendants were willful, rendering Defendants liable for statutory and punitive damages in an amount to be determined by the Court pursuant to § 1786.50. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

F.  Statutory damages;

10

COMPLAINT FOR DAMAGES

G.  Punitive damages;

H.   Costs and reasonable attorneys' fees pursuant to § 1786.50;  and

I.   Such other and further relief as may be necessary, just and proper.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF PUBLIC POLICY CA CIVIL CODE § 1786.53)

53.   Paragraphs 1-36 are incorporated herein by reference as though fully set forth.

54.   At all times pertinent hereto in addition to obtaining an ICR from an ICRA the Defendants also conducted their own independent public records search.

55.   Defendants conducted the public records search with the Plaintiff as a subject of the search for employment purposes.

56.   When making an adverse employment decision based on its own public records search an employer is required to provide an adverse action notification pursuant to § 1786.53(2) of the ICRAA; which also requires notification to be made at the time the action is taken.

57.   From June 22, 2017 to the present day and the date of filing of the complaint for damages the Defendants have failed to provide the Plaintiff with a written adverse action notification.

58.   The violation by the Defendants were willful, rendering Defendants liable for statutory and punitive damages in an amount to be determined by the Court pursuant to § 1786.50. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

J.   Statutory damages;

K.   Punitive damages;

L.   Costs and reasonable attorneys' fees pursuant to § 1786.50;  and

11

COMPLAINT FOR DAMAGES

M.   Such other and further relief as may be necessary, just and proper.

### FIFTH CAUSE OF ACTION
### (VIOLATION § 15 U.S.C. § 1681M(a))

59.    Paragraphs 1-36 are incorporated herein by reference as though fully set forth.

60.    At all times pertinent hereto the Defendants failed to provide the Plaintiff with a pre-adverse action notification required by 15 U.S.C. § 1681m(a).

61.    Defendants procured an ICR from an ICRA with the Plaintiff as a subject of the report. Defendants also conducted their own independent public records search with the Plaintiff as the subject in connection with Plaintiff employment with the Defendant.

62.    Prior to taking adverse employment action section 15 U.S.C. § 1681m(a) requires a pre-adverse action notification be provided to the employment candidate to allow them to answer and correct any potential discrepancies.

63.    The Defendants failed to provide the required pre-adverse action notification to the Plaintiff and instead adversed the Plaintiff without proper notification.

64.    The violation by the Defendants were willful, rendering Defendants liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Plaintiff is entitled to recover actual damages of not less than $100 and not more than $1,000 statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendant Sterling, for the following requested relief:

A. Actual damages;

N. Statutory damages;

O. Punitive damages;

P.   Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n ;  and

Q.   Such other and further relief as may be necessary, just and proper.

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

65.   Paragraphs 1-36 are incorporated herein by reference as though fully set forth.

66.   A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply.   *See Wong v. Jing*, 189 Cal. App. 4th 1354, 1377 (2010).

67.   The essential elements to pleading an action for intentional infliction of emotional distress under California law are:

      1.   Defendant owed Plaintiff a duty of care; and

      2.   Defendant breached that duty; and

      3.   Plaintiff suffered damages as a proximate result of Defendant's breach.

68.   At all times pertinent hereto Defendants were users of consumer investigative reports for employment screening purposes.  When investigative consumer reports are utilized for employment purposes both ICRA's and users of investigative consumer reports are required to strictly comply with all provisions of the ICRAA and FCRA because of the high probability that non-compliance has to have an adverse effect upon [consumers'] ability to obtain employment or retain employment.

69.   The Defendants owed the Plaintiff a duty of care to strictly comply with ALL provisions of the ICRAA and FCRA before and after taking adverse employment action against the Plaintiff.

70.   The Defendants breached the duty of care to the Plaintiff in that they failed to (1). Obtain an executed consent agreement by the Plaintiff prior to procuring an ICR and/or conducting a public records search; and (2). Failed to provide the Plaintiff with a copy of the completed report within the prescribed time (three business days after completion); and (3). Failed to provide both a pre-adverse action notice and an adverse action notice when taking adverse employment action against the Plaintiff based on the ICR.

71.   The Plaintiff was injured as a result the Defendants breach of duty and continues to accrue financial damages in the amount of Two Thousand and Eight Hundred ($2,800) dollars

COMPLAINT FOR DAMAGES

monthly since June 22, 2017.

72.    *Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1072.) A cause of action for negligent infliction of emotional distress lies only where plaintiff suffers serious emotional distress "as a result of a breach of duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two." *Id.* at p. 1073.) That relationship must be a pre-existing, consensual relationship giving rise to a legally protectable interest in being free from emotional distress caused by another's negligent conduct. *See Bro v. Glaser* (1994) 22 Cal.App.4th 1398, 1441.)

73.    The conduct by the Defendants actually and proximately caused Plaintiff severe emotional distress.  Defendants harmed Plaintiff because those actions caused him to suffer humiliation, embarrassment, mental anguish, and emotional distress.  The actions of Defendants injured Plaintiff's mind and body.  As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

74.    The conduct of Defendants proximately caused Plaintiff to suffer, and to continue to suffer, damages, including injuries to his person in an amount which will be proven at trial.

75.    The malicious and/or oppressive conduct of Defendants was reckless disregard of Plaintiff's rights and therefore warrants the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against Defendants for the following requested relief:

A.  Actual damages;

B.  Statutory damages;

C.  Punitive damages;

D.  Costs and reasonable attorneys' fees pursuant to §1786.50;

and

E.  Such other and further relief as may be necessary, just and proper.

Date: August 1, 2017

Nick Miletak --In Pro Per

14

COMPLAINT FOR DAMAGES

```
Job : 216
Date: 8/30/2017
Time: 10:34:32 AM
```

## Davis, Beth

| | |
|---|---|
| **From:** | Bowman, Lisa M. |
| **Sent:** | Wednesday, August 30, 2017 10:08 AM |
| **To:** | Davis, Beth |
| **Cc:** | Scott, Suddie E. |
| **Subject:** | FW: Removal - N.D. Cal. |
| **Attachments:** | Notice of Removal.nrl; Corporate Disclosure Statement - Miletak.nrl; Notice of Interested Parties - Miletak.nrl; Notice of Related Cases - Miletak.nrl; Civil Cover Sheet.nrl; Corporate Disclosure Statement - TSH.nrl; Ex. A to removal pt. 2.nrl; Ex. A part 1 to notice of removal.nrl |

Hi Beth

Attached are the Removal documents for filing today—I just need to get a quick confirmation from Julia that there is no answer filed:

1. Notice of Removal.
2. Attachment A to Notice of Removal – The complaint and the proofs of service on P (Attachment A part 1 & Part 2 attached)
3. Corporate Disclosure Statement – Compass
4. Corporate Disclosure statement - TSL
5. Notice of Interested Parties
6. Notice of Related Cases
7. Civil Cover sheet

There are drafts of the certificate of service & service on superior court/P that Suddie can help with  tomorrow when she is back and we have the additional information needed. Also, I am not sure who gets Greg's ECF information, but can  you ask that person to forward the information to me when it comes in? Thanks!

Thanks!


**Lisa M. Bowman | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lisa.bowman@ogletree.com | www.ogletree.com | Bio

---

**From:** Drafahl, Julia B.
**Sent:** Thursday, August 24, 2017 3:15 PM
**To:** Cheng, Gregory, C.
**Cc:** Harrison, Rodney
**Subject:** Removal and Motion to Compel Arbitration - N.D. Cal.

Hi Greg,

I work with Rodney Harrison in the St. Louis office, and we have a case currently in Santa Clara County Superior Court.  We are planning to remove the case to the Northern District of California, where we will move to compel arbitration.  Would you be willing to work with us to get the removal documents and motion to compel filed?  We will draft everything and you are, of course, welcome to review the filings. We are hoping to remove Wednesday of next week.  Please let us know what you think. —    C:    sers  davi3   6  1  CEE5   .CW

1

Thanks very much,
Julia


**Julia B. Drafahl | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
7700 Bonhomme Avenue, Suite 650 | St. Louis, MO 63105 | Telephone: 314-802-3959 | Fax: 314-802-3936
julia.drafahl@ogletree.com | www.ogletree.com | Bio

—   C:   sers  davi3   6  1  CEE5    .CW