UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK,<br><br>       Plaintiff,<br><br>       v.<br><br>COMPASS AIRLINES LLC, et al.,<br><br>       Defendants. | Case No. 17-cv-05052-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS ACTION**<br><br>Re: Dkt. No. 10 |

Nick Miletak entered into an arbitration agreement with Compass Airlines upon employment with Compass. That agreement covers the claims he has brought in this lawsuit.

The arbitration agreement includes a waiver of class actions, collective actions, and representative actions. *See* Dkt. No. 12 at 11, 20-21. This clause is illegal under *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 983 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017). But because the term is invalid under a general contract defense that does not target arbitration, it does not operate to invalidate the entire arbitration provision. *Id.* at 985.

The remaining aspects of the arbitration agreement between Miletak and Compass are not unconscionable, and thus enforceable. Though "[o]rdinary contracts of adhesion . . . contain a degree of procedural unconscionability," the doctrine of unconscionability requires both a finding of procedural unconscionability and substantive unconscionability. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244 (2016). The contract here does not include any substantively unconscionable provisions.

The motion to compel arbitration is therefore granted and the case is dismissed.

**IT IS SO ORDERED.**

Dated: November 7, 2017

VINCE CHHABRIA
United States District Judge